Entered: June 1st, 2022
Signed: May 31st, 2022
**SO ORDERED**



/s/ Lori Simpson
**LORI S. SIMPSON**
**U.S. BANKRUPTCY JUDGE**

 

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| IN RE:<br>GREGORY J. CASAMENTO | BCN#: 21-16504<br>Chapter: 13 |
|     Debtor<br>BANK OF AMERICA, N.A.<br>or present noteholder, | |
|     Movant/Secured Creditor,<br>v.<br>GREGORY J. CASAMENTO<br>    Debtor | CONSENT ORDER RESOLVING<br>MOTION FOR RELIEF<br>FROM STAY |

This matter came on to be heard upon consideration of the Motion of BANK OF AMERICA, N.A. for Relief from Automatic Stay of 11 USC 362 (a) as well as the Co-debtor stay of 11 USC Section 1301(a) as to certain real property at 14218 Oxford Drive, Laurel, MD 20707; and

It appearing that the parties consent to the entry of this Order, and it is further appearing that the co-debtor has failed to file a response thereto;

IT IS HEREBY ORDERED, that the automatic stay of 11 USC 362 (a) is hereby terminated so as to permit the Movant to commence foreclosure proceedings in accordance with

applicable state law and pursuant to the terms of the deed of trust securing the Movant as to the real property designated as 14218 Oxford Drive, Laurel, MD 20707.

IT IS FURTHER ORDERED, that the Movant shall forbear from exercising any rights to foreclosure under applicable law as to the subject real property provided that, and so long as, the Debtor performs under the note and security instrument and complies with the following terms and conditions of this Order:

a) The Debtor shall cure the post-petition arrearage of $8,599.50, which amount includes payments from November 1, 2021 through May 1, 2022 in the amount of $1,228.50 each.

b) The Debtor shall cure the arrearage of $8,599.50 by amending the Debtor's Chapter 13 plan within thirty (30) days of entry of this order. Movant will file an amended proof of claim outlining the post-petition arrearage.

c) In addition to curing the arrearage, the Debtor shall resume making regular monthly post-petition payments due under the note beginning with the payment due June 1, 2022 and each month thereafter. Payments to be made directly to Carrington Mortgage Services, LLC, P.O. Box 660586, Dallas, TX 75266-0586.

d) All further payments will be applied to the debt in the manner prescribed by the mortgage note and mortgage.

e) To the extent the Debtor defaults in making the above specified cure or regular payments within the first sixty days of the cure period from the 1st day of June 2022 through the first day of August 2022; the Movant shall be immediately free to proceed with foreclosure of its security instrument; the forbearance provisions of this order will immediately terminate upon the failure to timely tender any and all payments within the first sixty days of this order and the filing of the Notice of Secured Creditor's Right to

      Commence Foreclosure Proceedings. It being understood between the parties that strict compliance provision is intended as good faith consideration for this order. Upon default and termination of the forbearance provisions under this paragraph, the Movant shall file a Notice of Secured Creditor's Right to Commence Foreclosure Proceedings.

f) If the Debtor defaults upon payment under the terms of this order and if said default occurs outside of the sixty day period set forth in Paragraph "e" or if any payments which have been acknowledged in the calculation of the mortgage arrearage in this order, but which subsequently fail to clear and are dishonored, then the Movant shall:

- mail to the Debtor and Debtor's counsel, and the Court, a notice setting forth the amount and nature of the default under the terms of this Order.

- the Debtor may within fiftteen days of mailing the notice of default submit the required payment to bring the Debtor current pursuant to the terms of this order. Any cure of a notice of default must include all amounts set forth in the notice of default as well as any payments which have subsequently accrued under the terms of this order and are due at the time the cure payment is tendered.

g) Acceptance of partial payment by the Secured Creditor during the cure period shall not constitute a satisfaction or waiver of the notice of default; the forbearance provisions of this order shall terminate on the expiration of the twelve-day period in the absence of complete cure notwithstanding partial payment.

h) If the default is not cured within the cure period, or if no response is filed to said notice, within fifteen days of the mailing of the notice, which response denies the default specifically referencing the amounts paid by the Debtor since the entry of the Order by check, money order, and by requesting a hearing, the forbearance provisions of this order

shall terminate and the Secured Creditor shall be free to foreclose its security interest, upon the mailing of a Notice, to all parties and the Court, of Secured Creditor's right to foreclose its security instrument, Subsequent to such sale, the Secured Creditor may take all lawful actions in accordance with state law, to take possession of the property and shall, pursuant to Local Bankruptcy Rule 4001-3, provide a copy of the Report of Sale and all Audits Reports to the Bankruptcy Trustee if there is a surplus over and above the debt owed to the foreclosing noteholder.

IT IS FURTHER ORDERED AND AGREED that the Debtor's right to cure shall be limited to two (2) such opportunities and that upon the filing of a third default under the terms of the order; there shall be no further opportunity to cure and the Secured Creditor may proceed to foreclose its security interest in the subject real property.

IT IS FURTHER ORDERED AND AGREED that should the instant case be converted for any reason to a case under any other chapter of the bankruptcy code, or dismissed or discharged, the Movant may immediately be free to exercise all rights provided by the security instrument as the forbearance provisions of this order shall terminate upon conversion, dismissal or discharge.

IT IS FURTHER ORDERED AND AGREED that the Co-debtor stay of 11 U.S.C. Section 1301(a) is terminated upon entry of this order.

I ask for this:

____/s/Randa S Azzam_____
William M. Savage, Esquire
Federal I.D. Bar No. 06335
Malcolm B. Savage, III, Esquire
Federal I.D. Bar No. 20300
Randa Azzam, Esquire
Federal I.D. Bar No. 22474
Gregory N. Britto, Esquire
Federal I.D. Bar No. 22531
Counsel for Movant
ecf@logs.com

Seen; Agreed:

__/s/ James R. Logan _____
James R. Logan, Counsel for Debtor


      I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by the /s/_____ on the copy of the consent order submitted to the Court reference the signatures of consenting parties obtained on the original consent order.

_____/s/Randa S Azzam_____
William M. Savage, Esquire
Malcolm B. Savage, III, Esquire
Randa Azzam, Esquire
Gregory N. Britto, Esquire

Copies of this order are to be sent to:

GREGORY J. CASAMENTO
14218 OXFORD DRIVE
LAUREL, MD 20707

JENNIFER LEE CASAMENTO
14218 OXFORD DRIVE
LAUREL, MD 20707

TIMOTHY P. BRANIGAN
9891 BROKEN LAND PARKWAY
SUITE 301
COLUMBIA, MD 21046

JAMES R. LOGAN
JAMES R. LOGAN P.A.
2419 MARYLAND AVENUE
BALTIMORE, MD 21218

LOGS LEGAL GROUP LLP
10021 BALLS FORD ROAD, SUITE 200
MANASSAS, VIRGINIA 20109

19-280521

**END OF ORDER**